**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF TEXAS,**
**BEAUMONT DIVISION**

----------------------------------------------------------------- x
:
**TRACY BYRD AND MICHELLE BYRD,**                         :
:
:
**Plaintiffs,**                         :     **CIVIL ACTION NO.**
:
**vs.**                         :     _____
:
**AFTRA HEALTH & RETIREMENT FUNDS,**     :
**A/K/A AFTRA H&R,**                         :
:     **Jury Demand**
:
:
**Defendant.**                         :
----------------------------------------------------------------- x

---

## NOTICE OF REMOVAL

---

Pursuant to 28 U.S.C. § 1441, defendant AFTRA Health & Retirement Funds a/k/a AFTRA H&R ("Defendant" or "Funds"), with offices at 261 Madison Avenue, New York, New York 10016, hereby removes the above-entitled case from the 172nd Judicial District Court of Jefferson County, Texas, to the United States District Court for the Eastern District of Texas, Beaumont Division.  In support of this Notice of Removal, the Funds state as follows:

### I.   INTRODUCTION.

1.      The Complaint in the above-captioned case was received by the Funds on July 17, 2013.  The Complaint shows that the case was brought in the District Court of Jefferson County, 172nd Judicial District, and assigned Docket Number E-0194424.

2.      **Attachments.** As required by 28 U.S.C. § 1446(a), and Local Rule 81, the following documents are attached to this Notice of Removal and incorporated herein by reference as if set forth at length:

- A copy of the Citation and Original Petition (together with correspondence from the Texas Secretary of State as to service), along with discovery served by Plaintiffs with the Original Petition, is attached hereto as Exhibit A;

- Defendant's Original Answer is attached hereto as Exhibit B;

- A certified copy of the State Court docket sheet is attached hereto as Exhibit C;

- Orders from the State Court in this case served upon Defendant Funds are attached hereto as Exhibit D;

- A list of all parties in the case and their party type, together with a list of all counsel of record, including addresses, telephone numbers and parties represented is attached hereto as Exhibit E.

3.      No process, pleadings or orders in this case have been served upon the defendant Funds other than those attached hereto. Returns of service are not on file in the State court as of this date.

## II.      PARTIES AND BASIS FOR REMOVAL.

**A.      Parties**.

4.      Plaintiff Tracy Byrd has been at all relevant times, upon information and belief, a participant in the Health Fund.  Plaintiff Michelle Byrd, upon information and belief, is the spouse of Tracy Byrd, and is also eligible for benefits from the Health Fund.

5.      In their Complaint, Plaintiffs allege that they submitted claims to the Health Fund for payment of medical expenses for treatment rendered to each of them since 2012, and that the Health Fund has failed to pay benefits owed.

6.      The Health Fund is a self-funded employee welfare benefit plan, as defined in Section 3(1) of the Employee Retirement Income Security Act of 1974 ("ERISA"), 29 U.S.C.

§1002(1), as amended.  The Health Fund provides retirement, medical, surgical, hospital and other benefits to employees of employers with collective bargaining agreements with the Screen Actors Guild - American Federation of Television and Radio Artists ("SAG-AFTRA"), that require contributions to be made to the Funds on their employees' behalf.  The Funds are each jointly administered by a Board of Trustees, comprised of both union and management representatives, in accordance with Section 302(c)(5) of the Labor Management Relations Act of 1947, 29 U.S.C. § 186(c)(5).

**B.      Basis for Removal**

7.      **Federal Question.**    The determination of whether Plaintiffs are entitled to payment of the benefits claimed to be owed by the Health Fund will require the Court to interpret the terms of the Health Fund's governing plan documents, including those regarding covered services.  The causes of action alleged in Plaintiffs' Complaint with respect to the Health Fund are claims for benefits allegedly due from the Health Fund.  *See, e.g.*, Complaint Sections II, VI, VI, VIII.  As such, Plaintiffs' claims against the Funds arise under and are completely preempted by Section 502(a)(1)(B) of ERISA, 29 U.S.C. § 1132(a)(1)(B), over which this Court has original jurisdiction pursuant to 28 U.S.C. § 1331 and Section 502(e) of ERISA, 29 U.S.C. § 1132(e).  The action is therefore removable to this Court pursuant to 28 U.S.C. § 1441(b).  *See Metropolitan Life Ins. Co. v. Taylor*, 481 U.S. 58, 66 (1987) ("Congress has clearly manifested an intent to make causes of action within the scope of [§ 502(a) of ERISA] removable to federal court."); *see also Aetna Health, Inc. v. Davila*, 542 U.S. 200, 209-10 (2004) (holding that state law claims brought to remedy an alleged denial of benefits under an ERISA-regulated benefit plan fall within the scope of, and are completely preempted by, ERISA).

8.      Plaintiffs' allegations must be viewed as a claim for benefits that fall within the scope of Section 502(a) of ERISA and this action is therefore removable to this Court.

### III.      JURISDICTION/VENUE, JURY DEMAND.

9.      The United States District Court for the Eastern District of Texas is the District Court having jurisdiction over the place where the Jefferson County District Court action is pending.

10.      Plaintiffs demanded a trial by jury in the State court action.

### IV.      CONCLUSION.

11.       Notice of Removal is timely filed pursuant to 28 U.S.C. § 1446(b) in that it is filed within thirty (30) days of the date defendant Funds received the Summons and Complaint in this action and first learned of the existence of same.

12.      A true and correct copy of this Notice of Removal, with attachments, will be filed with the Clerk of the District Court of Jefferson County.

WHEREFORE, PREMISES CONSIDERED, notice is hereby given by Defendant that the above-entitled action now pending against it in the 172nd Judicial District Court of Jefferson County is removed to the United States District Court for the Eastern District of Texas, Beaumont Division.

Dated: August 1, 2013

Respectfully Submitted,

LAW OFFICES OF PATRICK M. FLYNN

s/Patrick M. Flynn_____
PATRICK M. FLYNN
Texas Bar No. 07199200
1225 North Loop West, Suite 1000
Houston, Texas 77008-4722
(713) 861-6163
(713) 961-5566 (fax)
pat@pmfpc.com
**ATTORNEY FOR
DEFENDANT AFTRA
HEALTH & RETIREMENT
FUNDS, a/k/a AFTRA H&R**

Of Counsel:

/s/Zachary N. Leeds_____
COHEN, WEISS AND SIMON
LISA M. GOMEZ
ZACHARY N. LEEDS
330 West 42nd Street
New York, New York  10036-6979
(212)356-0243
(646) 473-8243

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the *Notice of Removal* was served by United States first class mail, postage prepaid on August 1, 2013 on:

Mr. B. Adam Terrell
Weller, Green, Toups & Terrell, LLP
Post Office Box 350
Beaumont, Texas  77704
(Attorney for Plaintiffs)

Dated:  August 1, 2013

s/Patrick M. Flynn_____
PATRICK M. FLYNN